OPINION
 

 PER CURIAM:
 

 John Doe, a fourteen year old member of the Salt River Pima-Marieopa Indian Com-mumty, appeals his conviction on two counts of juvenile delinquency. He contends that use of his inculpatory statements violated the Fifth Amendment and the Federal Rules of Criminal Procedure. We have jurisdiction, 12 U.S.C. § 1291, and affirm.
 

 
 *546
 
 I. BACKGROUND
 

 Doe was convicted after a one day bench trial of two acts of juvenile delinquency,
 
 see
 
 18 U.S.C. §§ 5031-5037, for (1) assault with a dangerous weapon with intent to do bodily harm, 18 U.S.C. § 113(c), and (2) use of a short-barreled shotgun during and in relation to a crime of violence, 18 U.S.C. § 924(c). Both charges arose out of the drive-by shooting of another juvenile Indian on the Salt River Indian Reservation.
 
 See
 
 18 U.S.C. § 1153.
 

 II. DISCUSSION
 

 A. Waiver of
 
 Miranda
 
 Rights
 

 Doe argues that the government failed to prove that he knowingly, intelligently and voluntarily waived his
 
 Miranda
 
 rights. We review de novo whether Doe voluntarily waived his
 
 Miranda
 
 rights and for clear error whether that waiver was knowing and intelligent.
 
 United States v. Bautista-Avila,
 
 6 F.3d 1360, 1364 (9th Cir.1993).
 

 Officer Arvizu, one of the investigating officers, testified that he read Doe his Miranda warnings from a “juvenile Miranda warnings form.” He further testified to the substance of those warnings. Doe indicated that he understood his rights and agreed to speak with the officers. Arvizu had no trouble communicating with Doe. Arvizu further testified that both Doe and his mother signed the Miranda form. However, the government was not able to produce the form.
 

 Doe’s mother was present during the questioning, but Doe did not offer her or any other witness at the suppression hearing. Production of the signed Miranda form would have been helpful in establishing a valid waiver. Nonetheless, even without it, the unrebutted testimony of officer Arvizu established by a preponderance of the evidence,
 
 see Colorado v. Connelly,
 
 479 U.S. 157, 168-69, 107 S.Ct. 515, 522-23, 93 L.Ed.2d 473 (1986), that Doe knowingly, intelligently and voluntarily waived his
 
 Miranda
 
 rights.
 
 See Bautista-Avila,
 
 6 F.3d at 1365-66.
 

 B. Invoking the Right to Counsel
 

 Doe contends that custodial interrogation continued after he invoked his right to counsel. We review de novo whether a statement is sufficient to invoke the right to counsel.
 
 United States v. Ogbuehi,
 
 18 F.3d 807, 813 (9th Cir.1994).
 

 Officer Arvizu testified that near the end of a one hour interrogation, Doe’s mother made a statement to the effect that “maybe he ought to see an attorney.” To invoke the right to counsel, the suspect’s request must be clear and unambiguous.
 
 Davis v. United States,
 
 — U.S. -, --, 114 S.Ct. 2350, 2355-56, 129 L.Ed.2d 362 (1994). Whether
 
 Davis
 
 applies without qualification directly to juveniles is not before us. The statement at issue was made by Doe’s mother. The statement was not clear and unambiguous.
 
 See id.
 
 (“maybe I should talk to a lawyer” insufficient). The officers were not required to clarify her ambiguous statement.
 
 Id.
 
 Doe did not invoke his right to counsel.
 

 C.Violation of Discovery Rules
 

 Doe contends that the district court erred when it refused to strike testimony concerning a second custodial statement, the substance of which was not disclosed to him.
 
 See
 
 Fed.R.Crim.P. 16(a)(1)(A). To prevail on this issue Doe must show “that the district court abused its discretion, [and] that the abuse resulted in prejudice to [his] substantial rights.”
 
 United States v. Gonzalez-Rincon,
 
 36 F.3d 859, 865 (9th Cir.1994),
 
 cert. denied,
 
 — U.S. -, 115 S.Ct. 1323, 131 L.Ed.2d 203 (1995). The second statement concerned Doe’s admission that he personally sawed off the shotgun. Who sawed off the shotgun was neither relevant nor in dispute. The government needed only to establish that the shotgun used in the assault was short-barreled. It established this fact through (1) the testimony of the victim and a friend of the defendant, and (2) the introduction of the shotgun. Doe was not prejudiced by the district court’s refusal to strike the testimony concerning his second statement.
 

 AFFIRMED.