UNITED STATES of America, Plaintiff,

v.

Melvin F. HUGHES, Defendant.

No. CR 96–31 TUC JMR.

United States District Court,
D. Arizona.

March 29, 1996.

Reese V. Bostwick, Assistant U.S. Attorney, Tucson, AZ, for Plaintiff.

Andrew H. Fried, Tucson, AZ, for Defendant.

## ORDER

ROLL, District Judge.

The Court has UNDER ADVISEMENT defendant's motion to suppress statements based upon alleged violation of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The defendant maintains that government agents improperly proceeded to question him after he asked to call an attorney. He argues that his subsequent statements must be suppressed. For the reasons set forth below, the motion to suppress is denied.

## FACTS

On August 1, 1995, Alcohol, Tobacco and Firearms (ATF) agents approached the defendant, MELVIN F. HUGHES, outside his residence in Tucson. They advised him of his *Miranda* rights at that time and the defendant asked: "Can I call a lawyer?" An agent replied, "Yes," but took no steps to enable the defendant to do so. The defendant was then escorted into a residence where, the parties agree, the agents asked him only non-incriminating biographical questions. At the end of these discussions, none of which caused the defendant to make any statements concerning the offense, the defendant stated that he had changed his mind, that he did not want an attorney, and that he was willing to answer any questions that the agents asked. The agents then proceeded to ask the defendant questions concerning the firearms violations for which he was being investigated.

## ISSUES PRESENTED

The parties agree that the issues presented are: (1) whether the defendant invoked his right to counsel; (2) if the defendant did invoke his right to counsel, whether the agents were nevertheless permitted to ask him biographical questions of a non-incriminating nature; and, (3) if the defendant did invoke his rights, but during the biographical questioning revoked that invocation, whether subsequent incriminating statements could be used against him at trial.

## THE LAW

### *Invocation of the Right to Counsel*

■ "Invocation of the *Miranda* right to counsel 'requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney.'" *Davis v. United States*, —— U.S. ——, ——, 114 S.Ct. 2350, 2355, 129 L.Ed.2d 362 (1994) (quoting *McNeil v. Wisconsin*, 501 U.S. 171, 178, 111 S.Ct. 2204, 2209, 115 L.Ed.2d 158 (1991)). Thus, a suspect's request must be clear and unambiguous. *United States v. Doe*, 60 F.3d 544, 546 (9th Cir.1995) (citing *Davis*, —— U.S. at ——–——, 114 S.Ct. at 2355–56). Once a suspect does clearly express a desire to deal with law enforcement officers only through counsel, further interrogation must cease until counsel has been made available or the accused initiates further communication with the officers. *Edwards v. Arizona*, 451 U.S. 477, 484–85, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981); *United States v. de la Jara*, 973 F.2d 746, 750 (9th Cir.1992).

■ Here, after the defendant was advised of his *Miranda* rights, he stated: "Can I call a lawyer?" This question constituted an invocation of the defendant's right to counsel. *de la Jara*, 973 F.2d at 750 ("If [defendant's statement is] understood as 'Can I call my lawyer?,' or 'I should call my lawyer', then de la Jara would have clearly invoked the right to counsel."); *Robinson v. Borg*, 918 F.2d 1387, 1393 (9th Cir.1990) ("I have to get me a good lawyer, man. Can I make a phone call?" is unequivocal request), *cert. denied*, 502 U.S. 868, 112 S.Ct. 198, 116 L.Ed.2d 158 (1991); *Smith v. Endell*, 860 F.2d 1528, 1529–31 (9th Cir.1988) ("Can I talk to a lawyer?" is unequivocal request), *cert. denied*, 498 U.S. 981, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990). A reasonable law enforcement officer under the circumstances presented here would have understood the defendant's statement to be a request for an attorney. *See Davis*, —— U.S. at ——, 114 S.Ct. at 2355.

Because the defendant did invoke his right to counsel, the agents could not interrogate him until counsel had been made available to him or he initiated further communication with the agents. *See Edwards, supra.*

### Gathering of Biographical Information

After the defendant asked to call an attorney, law enforcement officers asked him non-incriminating biographical questions. The defendant contends that this questioning, in light of his invocation of his right to counsel, constituted interrogation.

In *Rhode Island v. Innis,* 446 U.S. 291, 310, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980), the Supreme Court stated that interrogation means "any words or actions on the part of the police other than those normally attendant to arrest and custody that the police should know are reasonably likely to elicit an incriminating response from the suspect." In determining whether custodial questioning constitutes "interrogation," a court must examine all of the circumstances involved in a given case. *United States v. Booth,* 669 F.2d 1231, 1237 (9th Cir.1981) (citing *Innis,* 446 U.S. at 301, 100 S.Ct. at 1689). This determination must be made on a case-by-case basis. *Id.* at 1237–38.

■ Generally, "[r]outine gathering of background biographical data does not constitute interrogation...." *United States v. Perez,* 776 F.2d 797, 799 (9th Cir.1985). *See also Booth,* 669 F.2d at 1238 (questions regarding reason for being in area and arrest record constituted interrogation, but questions regarding identity, age and residence did not). However, the Ninth Circuit has recognized "the potential for abuse by law enforcement officers who might, under the guise of seeking 'objective' or 'neutral' information, deliberately elicit an incriminating statement from a suspect." *Booth,* 669 F.2d at 1238. Thus, even with regard to biographical data, a court must determine, in light of all the circumstances, whether such questioning was reasonably likely to elicit an incriminating response. The degree to which questions are routine or are unrelated to the crime are factors to be considered in making the determination. *Id.*

■ Here, following the defendant's invocation of his right to counsel, and prior to his reconsideration of the invocation, the agents asked him only non-incriminating biographical questions. The words and actions of the agents involved in this limited questioning were not such that the agents should have known they would be reasonably likely to elicit an incriminating response from the defendant. Accordingly, this questioning did not constitute "interrogation." Nor does the fact that the defendant asked to call an attorney prior to being asked biographical questions convert such questioning into impermissible interrogation. *See Gladden v. Roach,* 864 F.2d 1196, 1198 (5th Cir.), *cert. denied,* 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 700 (1989).

Under the circumstances presented here, the routine biographical questioning of the defendant did not violate the defendant's rights.

### Admissibility of Subsequent Incriminating Statements

■ Following the biographical questioning, the defendant gave incriminating statements to the agents. He contends that these incriminating statements should be suppressed.

As noted above, the agents permissibly asked the defendant non-incriminating biographical questions. The parties agree that these questions were not intended to nor did they prompt the defendant to make incriminating statements. Rather, the evidence shows that during this period of routine biographical questioning, the defendant reconsidered and expressly withdrew his prior request for counsel and stated he would answer any questions. By so stating, the defendant reinitiated communications with the agents concerning the suspected crimes.

In the pre-*Edwards* case of *United States v. Menichino,* 497 F.2d 935, 938–941 (5th Cir.1974), the Fifth Circuit held that incriminating statements volunteered by a defendant during a period of biographical questioning following the defendant's request for an attorney were admissible against the defendant. At least two post-*Edwards* Fifth Circuit decisions have followed *Menichino. United States v. Dougall,* 919 F.2d 932 (5th

Cir.1990) (incriminating statements volunteered by the defendant after he requested an attorney and then was asked general, non-incriminating biographical questions held to be admissible), *cert. denied,* 501 U.S. 1234, 111 S.Ct. 2860, 115 L.Ed.2d 1027 (1991); *Gladden,* 864 F.2d at 1197–1198 (finding that an arrested defendant who has invoked his *Miranda* rights does not have "an absolute right to remain silent" and may be asked biographical questions for booking purposes).

Here the incriminating statements volunteered by the defendant after he withdrew his request for counsel are admissible. *Edwards, supra.*

## CONCLUSION

Therefore, based on the foregoing,

**IT IS ORDERED** that the motion to suppress is **DENIED.**