127 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Evaristo TENORIO, Defendant-Appellant.
 No. 97-30094.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Filed Oct. 27, 1997.
 
 Appeal from the United States District Court for the District of Oregon Malcolm F. Marsh, District Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Evaristo Tenorio appeals his guilty plea conviction for possession of stolen mail, in violation of 18 U.S.C. § 1708. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Tenorio first contends that the district court erred by denying his motion to suppress the stolen checks because they were seized pursuant to an improper inventory search of his car conducted after an unlawful traffic stop. We disagree.
 
 
 4
 We review de novo whether reasonable suspicion existed for the vehicle stop. See People of Territory of Guam v. Ichiyasu, 838 F.2d 353, 355 (9th Cir.1988). The validity of the warrantless search is reviewed de novo, and the factual determinations are reviewed for clear error. See United States v. Ogbuehi, 18 F.3d 807, 812 (9th Cir.1994).
 
 
 5
 Here, the police officer properly stopped Tenorio for committing a traffic violation. See United States v. Baker, 850 F.2d 1365, 1368 (9th Cir.1988) (recognizing that traffic violations constitute criminal conduct sufficient to support a brief investigatory stop); see also Or.Rev.Stat. § 811.335 (1995) (providing that turning without appropriate signal is unlawful). The officer then properly took Tenorio into custody after he admitted he had no driver's license, car registration or proof of insurance. See Or.Rev.Stat. §§ 807.570, 810.410 (1995). Once Tenorio was in custody, the police officer impounded the vehicle, conducted an inventory search, and discovered Tenorio's wallet and the checks which were in plain view. See Colorado v. Bertine, 479 U.S. 367, 372 (11987) (upholding vehicle inventory search conducted in accordance with standardized procedures); Canby, Or., Ordinances 915 (Apr. 20, 1994), 941 (Dec. 6, 1995). Thus, the district court did not err by finding that the officer conducted a lawful inventory search of Tenorio's vehicle pursuant to a legitimate traffic stop. See Ogbuehi, 18 F.3d at 812; Ichiyasu, 838 F.2d at 355.
 
 
 6
 Tenorio next contends that the district court erred by denying his motion to suppress the statements he made to the police officer and the postal inspector because they were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966). This contention is meritless.
 
 
 7
 We review de novo whether the defendant voluntarily waived his Miranda rights and for clear error whether the waiver was knowing and intelligent. See United States v. Doe, 60 F.3d 544, 546 (9th Cir.1995) (per curiam) Here, the record shows that Tenorio was advised of his rights before each interrogation and each time he knowingly, intelligently and voluntarily waived those rights. See id. Accordingly, the district court did not err by denying Tenorio's motion to suppress the statements. See id.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3