129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo Espiritu VILLEGAS, aka Alfredo Espiante Villegas,
Defendant-Appellant.
 No. 96-50580.
 United States Court of Appeals, Ninth Circuit.
 Nov. 12, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of California Barry T. Moskowitz, District Judge, Presiding.
 
 
 2
 Before: REINHARDT and TASHIMA, Circuit Judges, and FITZGERALD District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Alfredo Espiritu Villegas appeals the district court's denial of a motion to suppress, following his conditional guilty plea to one count of unlawful reentry into the United States after having been deported. 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 5
 Villegas contends that his admissions to Border Patrol agents before receiving Miranda warnings were involuntary, thereby tainting his subsequent post-Miranda statements. Villegas also argues that the admissions he made after receiving Miranda warnings should be suppressed because he did not knowingly and intelligently waive his Miranda rights.
 
 
 6
 We review de novo each of the issues raised on this appeal, United States v. Kahn, 993 F.2d 1368, 1375 (9th Cir.1993) (denial of motion to suppress); United States v. Andevarde, 64 F.3d 1305, 1310 (9th Cir.1995) (voluntariness of confession); United States v. Huyhn, 60 F.3d 1386, 1387 (9th Cir.1995) (voluntariness of Miranda waiver), except that whether a waiver was knowing and intelligent is reviewed for clear error. United States v. Doe, 60 F.3d 544, 546 (9th Cir.1995).
 
 I. Pre-Miranda Admissions
 
 7
 Villegas argues that the statements he made to the Border Patrol prior to receiving his Miranda warnings were involuntary because they were the product of a coercive promise to return Villegas to Mexico if he admitted he was in the United States illegally. These statements were voluntary because the promise to return Villegas to Mexico was not sufficiently compelling to overbear his will in light of all the attendant circumstances. See United States v. Leon Guerrero, 847 F.2d 1363, 1364 (9th Cir.1988). Because these admissions were voluntary, they did not taint Villegas' post-Miranda admissions.
 
 II. Waiver of Miranda Rights
 
 8
 For a Miranda waiver to be valid, it "must have been made with full awareness, both of the nature of the right to be abandoned and the consequences of the decision to abandon it." Moran v. Burbine, 475 U.S. 412, 421 (1985). The district court found that Villegas did not knowingly waive his Miranda rights until he was informed by the Border patrol that he would be prosecuted criminally. At that point, the district court found Villegas was made aware that the nature of his proceedings had changed from administrative to criminal, his waiver was knowing and intelligent and any subsequent statements were therefore admissible. That finding was not clearly erroneous.
 
 III. Conclusion
 
 9
 Villegas' pre-Miranda statements were voluntary; therefore, they did not taint his post-Miranda admissions. The district court's finding that Villegas knowingly and intelligently waived his Miranda rights was not clearly erroneous.
 
 
 10
 AFFIRMED.
 
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3