FLETCHER, Judge.
Defendant Duhart was charged with (1) possession of cocaine, (2) carrying a concealed firearm, and (3) unlawful possession of a firearm by a convicted felon. Charge 3 was severed and a jury found Duhart guilty of unlawful possession of a firearm. Duhart’s attorney filed a pre-trial motion to suppress the handgun and the motion was denied after a full hearing on the issue. Duhart filed an appeal, alleging that the trial court erred by denying his motion to suppress. This court affirmed. Duhart v. State, 736 So.2d 1195 (Fla. 3d DCA 1999).
In this postconviction relief appeal, Duhart first argues that his defense counsel was ineffective for failing to object when the handgun was introduced at trial. However, the admissibility of the handgun had already been decided adversely to the defendant pretrial, and defense counsel had already done what he could to suppress that evidence to no avail. We agree with the State in its response that objecting to admission of the handgun at trial would have been futile. Additionally, this issue was previously reviewed on direct appeal and we found no error in the trial court’s denial of the motion to suppress. Re-arguing the issue in the guise of ineffective assistance of counsel is not permitted.
Second, Duhart claims that his trial counsel was ineffective for failing to argue a proper motion to suppress where he engaged in little pre-trial investigation, and presented no witnesses at the suppression hearing. Once again, where there *464 was a full suppression hearing at which defense counsel argued but lost, defendant’s assertions do not overcome the presumption that his counsel’s conduct fell within the range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Third, Duhart argues that his counsel was ineffective because he failed to investigate or present witnesses at the suppression hearing. However, Duhart fails to allege the nature of the testimony the witnesses could have offered, or how such testimony could have changed the outcome of the trial. Where Duhart states only general allegations, this issue must fail.
Affirmed.