**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Luis GARCIA–LEY, Defendant—
Appellant.**

No. 01–50326.
D.C. No. CR–00–03363–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2002.

Decided April 30, 2002.

580

Before PREGERSON, FISHER and TALLMAN, Circuit Judges.

## MEMORANDUM *

Luis Garcia–Ley appeals his guilty plea conviction and sentence for importation of marijuana in violation of 21 U.S.C. §§ 952 and 960. Garcia–Ley argues that he did not waive his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), in light of *Dickerson v. United States,* 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000), which held that *Miranda* was a constitutional deci-

sion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo whether [Garcia–Ley] voluntarily waived his [*Miranda*] rights ... and for clear error whether the waiver was knowing and intelligent." *United States v. Cazares,* 121 F.3d 1241, 1243 (9th Cir.1997) (citing *United States v. Doe,* 60 F.3d 544, 546 (9th Cir.1995)).

Garcia–Ley argues that in light of the Supreme Court's decision in *Dickerson,* a defendant cannot implicitly waive his rights under *Miranda. Dickerson* held that *Miranda* "announced a constitutional rule" governing the admissibility of statements made during custodial interrogation, and that a defendant must be given *Miranda* warnings before interrogation. 530 U.S. at 444, 120 S.Ct. 2326. Here, the district court found that Garcia–Ley was given the warnings required by *Miranda* and *Dickerson,* and Garcia–Ley has not challenged this conclusion on appeal.

Garcia–Ley asserts, however, that *Dickerson* implicitly overruled *North Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). In *Butler,* the Supreme Court held that "an explicit statement of waiver is not invariably necessary to support a finding that the defendant waived the right to remain silent or the right to counsel guaranteed by the *Miranda* case." *Id.* at 375–76, 99 S.Ct. 1755. *Dickerson* holds that defendants are constitutionally entitled to *Miranda* warnings which Congress may not abrogate by statute. It does not engraft a new requirement that once the warnings have been given, a defendant must *explicitly* waive them before interrogation may begin. We reject Garcia–Ley's assertion to the contrary.

This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by NINTH CIRCUIT RULE 36–3.

Garcia–Ley next argues that because *Miranda* is a constitutional decision, the Government must prove that he waived his *Miranda* rights by clear and convincing evidence. Under *Colorado v. Connelly*, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986), a court need only find waiver of one's *Miranda* rights by a preponderance of the evidence. *Id.* at 168, 107 S.Ct. 515. Again, *Dickerson* in no way alters this evidentiary standard which has long been used by courts to evaluate the voluntariness of confessions. The preponderance of the evidence standard applies.

Finally, Garcia–Ley contends that he did not knowingly and voluntarily waive his *Miranda* rights. The Government presented clear and specific evidence of Garcia–Ley's waiver, including the written waiver form executed by Garcia–Ley and corroborated by the testimony of two government agents regarding the circumstances under which the waiver was obtained. While we agree with the district court's admonition against continued use of the different form created by the Customs agent based on his personal experience, rather than the preferred official U.S. Customs waiver, the agent's form contained all of the required *Miranda* warnings and was initialed and signed by Garcia–Ley. The district court did not clearly err by crediting the testimony of the two government agents after a thorough evidentiary hearing, and by finding that Garcia–Ley lacked credibility based on his testimony. On this record, we hold that there was no error in the district court's conclusion that Garcia–Ley knowingly and voluntarily waived his *Miranda* rights.

AFFIRMED.