**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel B. RIOS, Defendant–Appellant.**

No. 02–10241.
D.C. No. CR 88–0171 ACM.

United States Court of Appeals,
Ninth Circuit.

Argued July 15, 2003.

Submitted Nov. 24, 2003.

Decided Dec. 5, 2003.

**596**

Christina M. Cabanillas, Lauren Ann Anaya, Nathan D. Leonardo, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Gloria Torres, Brian I. Rademacher, FPDAZ–Federal Public Defender's Office (Tucson), Tucson, AZ, for Defendant–Appellant.

Before KLEINFELD and WARDLAW, Circuit Judges, and POGUE, Judge.*

MEMORANDUM**

Appellant Daniel Rios ("Rios") challenges the district court's decision to revoke his probation. We have jurisdiction under 28 U.S.C. §§ 1291 and 1294(1), and we affirm.

In November 1988, Rios pled guilty to four counts of abusive sexual conduct with children under the age of twelve, in violation of 18 U.S.C. §§ 1153 and 2244(a)(1) (1988). The district court sentenced Rios to eight years imprisonment in connection with two of those counts. In connection with the other two counts, the court suspended imposition of sentence and imposed concurrent five year terms of probation to begin upon termination of the prison term. Rios received credit for good conduct and was released early from prison on December 10, 1993. Pursuant to 18 U.S.C. § 4164 (repealed), Rios was deemed released on parole until the date 180 days prior to the expiration of the maximum prison term originally imposed.

Rios began serving the two concurrent five-year probation terms on April 27, 1996. On June 12, 1997, Rios met with his probation officer to discuss modifying the conditions of his probation to add new "sex offender" special conditions. One of these special conditions was that Rios "shall not have contact with children under the age of 18 without prior written permission of the probation officer and shall report immediately but no later than 8 hours to the probation officer any unauthorized contact with children." On June 23, 1997, Rios signed a waiver of his statutory right to assistance of counsel and a hearing with respect to the addition of this "sex offender" special modification to his probation conditions. The district court found that Rios's waiver was lawful, *i.e.*, voluntary, knowing, and intelligent.

On January 9, 2001, Rios's probation officer filed a petition to revoke Rios's probation, asserting, inter alia, that he violated the above condition of his probation by entering a public bathroom "with the intention of observing a child's penis. Rios admitted purposely brushing against a child exiting the bathroom in order to obtain sexual stimulation. He failed to report this contact."

During a hearing held pursuant to Federal Rule of Criminal Procedure 32.1, a probation officer testified that Rios had admitted that on November 12, 2000, he entered the bathroom in a K–Mart store and brushed against a child who was exiting the bathroom. The probation officer also testified that Rios had entered the bathroom with the intention of becoming sexually stimulated by observing a child, and had hoped to see a child urinating or to touch a child. The probation officer testified that Rios did not report the contact.

---

* Honorable Donald C. Pogue, United States Court of International Trade Judge, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court found that Rios had violated his conditions of probation. On April 29, 2002, the district court revoked Rios's probation and sentenced him to two concurrent five year terms of imprisonment.

We review *de novo* whether a waiver was voluntary. *United States v. Bautista–Avila*, 6 F.3d 1360, 1364 (9th Cir.1993). We review for clear error a district court's determination that a waiver was knowing and intelligent. *United States v. Doe*, 60 F.3d 544, 546 (9th Cir.1995). We review the district court's decision to revoke probation for abuse of discretion. *United States v. Duff*, 831 F.2d 176, 177 (9th Cir. 1987); *United States v. Simmons*, 812 F.2d 561, 565 (9th Cir.1987). The district court has abused its discretion when its "decision is based on an erroneous conclusion of law or when the record contains no evidence on which [it] rationally could have based that decision." *United States v. Schlette*, 842 F.2d 1574, 1577 (9th Cir. 1988), *amended by* 854 F.2d 359 (9th Cir. 1988) (quoting *In re Petition of Hill*, 775 F.2d 1037, 1040 (9th Cir.1985)).

▮ The waiver Rios signed clearly stated his statutory right to counsel, including appointed counsel, and a probation modification hearing. Rios received copies of the waiver and proposed sex offender modification # 3 from his probation officer eleven days before he signed the waiver. Rios thus had plenty of time to decide whether he wanted to seek the advice of counsel or to request a hearing with respect to the modification. Rios does not claim that his probation officer or anyone else coerced or compelled him to sign the waiver. Indeed, Rios returned to the probation office eleven days after receiving the waiver and modification, and signed the waiver voluntarily. Rios claims that he was told he had to sign the waiver because the district court had already or-

dered the modifications imposed upon him, but that claim is not substantiated by the record. Rios has not demonstrated that the district court's determination that his waiver was knowing and intelligent was clearly erroneous. Rios's probation modification was validly imposed.

▮ With regard to revocation, the statutory provisions governing this case provide that the district court may, upon a finding that the probationer has violated the terms of his probation, revoke probation and "require [the probationer] to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." 18 U.S.C. § 3653 (repealed); *see also* 18 U.S.C. § 3651 (repealed) (providing that the district court may set conditions of probation); Judgment, Conditions of Probation, Appellant's Rec. Ex. at 8 (original conditions of 1988 Judgment against Appellant providing that probation may be revoked for violation of probation conditions). A district court "has broad discretion in revoking probation. The standard of proof required is that evidence and facts be such as reasonably to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *United States v. Guadarrama*, 742 F.2d 487, 489 (9th Cir.1984) (internal citations omitted).

Here, evidence in the record indicates that Rios sought and accomplished unauthorized contact with a child, and failed to report this contact to his probation officer. This conduct violated the probationary condition prohibiting "contact with children under the age of 18 without prior written permission of the probation officer," and requiring Rios to "report immediately but no later than 8 hours to the probation officer any unauthorized contact with children." Such a violation consti-

tutes grounds for revocation. Consequently, we conclude that the district court did not abuse its discretion, and we affirm its decision to revoke Rios's probation and resentence him in accordance with the original judgment. As this issue constitutes an adequate basis for the district court's decision, we do not reach the other issues raised by the appellant.

**AFFIRMED.**

KLEINFELD, Circuit Judge, dissenting.

I respectfully dissent.

The disposition says that the violation of the no-contact-with-children provision "constitutes an adequate basis for the district court's decision, [so] we do not reach the other issues raised by the appellant."[1] That is illogical. The judge sent Rios to prison for five years, not only for brushing by a boy as he entered, and the boy left, the K–Mart men's room, but also for possessing sexually oriented material. If a judge sentences a man to five years for two separate wrongs, it is quite possible that the judge would not have imposed so harsh a sentence for only one of the wrongs. We do indeed have to reach appellant's other issues.

In my view, the prohibition on the possession of sexually stimulating material that Rios was held to have violated itself violated his First Amendment right to freedom of thought and speech and his Fifth Amendment right to fair notice of what, on pain of imprisonment, he was forbidden to do.[2] Much of the material he possessed is, on its face, entirely non-sexual, such as pictures of fully-clothed children and adults picking cactus fruit on a summer field trip, and videotapes of the most innocent G-rated comedies and cartoons, such as "The Flintstones." The probation officer dressed these up in her testimony with misleading characterizations, such as that the cover of "The Flintstones" box "depicts a half-naked little boy"[3] and that a picture of youths on a swim team wearing bathing suits showed "children in their underwear."[4]

Rios may have found these materials sexually stimulating. If that is so, however, it is hard to imagine what he would not have found sexually stimulating. His conditions of release required that he not possess "any sexually stimulating ... material as deemed inappropriate by his probation officer," or patronize any place where such material is available.[5] His probation officer interpreted the materials described above as sexually stimulating based on her understanding that Rios found them sexually stimulating. But if pictures of a swim team and of G-rated movies are deemed sexually stimulating materials under Rios's conditions of release, then he is barred not just from erotic bookstores but also from the grocery store. So interpreted, the condition is unconstitutionally vague, and unconstitutional because it is impossible to comply with it and his imprisonment would depend

---

1. Maj. op. at 597–98.

2. *See Ashcroft v. Free Speech Coalition* 535 U.S. 234, 252–53, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002) (rejecting the rationale that the government may prohibit virtual child pornography because it "whets the appetites of pedophiles"); *United States v. Guagliardo,* 278 F.3d 868, 872 (9th Cir.2002) (holding that a probationer has a due process

right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned to prison).

3. ER 38.

4. ER 39.

5. ER 10.

on the unchanneled discretion of his probation officer and the judge.[6]

The other condition, that Rios "shall not have contact with children under the age of 18 without prior written permission,"[7] the one the majority rests its disposition on, is also unconstitutionally overbroad as interpreted in this case. If all it meant was to stay out of schoolyards, not babysit, etc., then the condition would be appropriate. But the decisions that saved similar conditions from constitutional challenge did so by interpreting them to exclude "accidental or unavoidable contact with minors in public places."[8] In this case, Rios had incidental contact with a boy as the boy was leaving the K–Mart bathroom. He may have been trying to look at the boys in the bathroom, but nothing in the record indicates that he found one there.

The majority says that Rios "admitted purposely bumping into a child exiting the bathroom," which is what the probation officer alleged in her petition.[9] But as with the "half-naked little boy" and the "children in their underwear," the probation officer's petition misled the district court (and the majority). When she testified at the evidentiary hearing, the probation officer was asked, "Did he say whether he brushed against him accidentally, or whether it was intentional." She answered,

> He didn't say that, but what his thought was, he said, he thought that that was kind of interesting, and he was sexually stimulated by them. But again, he did say that he went with the intent of get-

ting-of going into the bathroom to see a child to get sexually stimulated.... He indicated that he may touch a child.

This is *not* an admission that Rios's contact with the boy who was exiting the bathroom was anything more than accidental or unavoidable contact. In order for the prohibition to pass constitutional muster, Rios's brush against the child cannot count as a violation.[10]

---

**6.** *Guagliardo,* 278 F.3d at 872; *see also United States v. Loy,* 237 F.3d 251, 266 (3d Cir.2001).

**7.** ER 10.

**8.** *See, e.g., Loy,* 237 F.3d at 269; *United States v. Paul,* 274 F.3d 155, 166 (5th Cir.2001) (citing *Loy,* 237 F.3d at 269).

**9.** Maj. op. at 3 (citing ER 16).

**10.** *See Paul,* 274 F.3d at 166 (interpreting a prohibition on indirect contact with minors to exclude "casual or incidental encounters").

