**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30257 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00227-SI-1 |
| v. | |
| ANDRE EUGENE SHAW, AKA Joe Stanis, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted September 1, 2020[**]
Seattle, Washington

Before: McKEOWN and VANDYKE, Circuit Judges, and KENDALL,[***] District Judge.

Andre Shaw appeals the district court's denial of his motion to dismiss,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

revocation of his supervised release, and sentence of 14 months incarceration followed by 22 months supervised release. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Shaw's waiver of his right under Fed. R. Crim. P. 32.1(c) to a hearing with the representation of counsel before a negative modification of his supervised release must be knowing, intelligent, and voluntary. *See United States v. Stocks*, 104 F.3d 308, 312 (9th Cir. 1997).

A waiver is knowing and intelligent if the defendant knows "both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). The district court's determination that Shaw's waiver was knowing and intelligent was not clearly erroneous. *See United States v. Doe*, 60 F.3d 544, 546 (9th Cir. 1995) (district court's determination that waiver was knowing and intelligent is reviewed for clear error). The case manager explained that the waiver form was "part of the process to stay" at the facility, and that if Shaw "had any questions he could talk to his attorney or his probation officer." The case manager also presented the form separately from other forms. Shaw had already been presented with the Northwest Regional Re-entry Center's resident handbook, which explained the regulations that Shaw was required to follow while at the center, and he had signed a document indicating that

2

he knew he was responsible for reading and knowing the applicable regulations.

Shaw also challenges the voluntariness of his waiver. A waiver is voluntary if "it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Moran*, 475 U.S. at 421. Under governing precedent, being required to choose between remaining at the reentry center on modified supervised release or exiting without an established place to reside put Shaw in a difficult position but did not render his waiver involuntary. Shaw's case manager "made no threats [to Shaw] and he had no tools by which to compel [Shaw's] consent." *Stocks*, 104 F.3d at 312. Shaw freely agreed to the modification. *See id.*

**AFFIRMED.**